REPORT OF THE TRIAL JUDGE
WHERE DEATH PENALTY IMPOSED

State v. __Mack Arthur King__  # 53,027

Capital Offense for which Penalty Imposed _____

_____Capital Murder_____

_____
_____

Other offenses in same trial __None_____

_____
_____
_____
_____

A.  Data Concerning Defendant:

1.  Age __21___    2.  Sex __M__    3.  Marital Status:
4.  Children (a) Number of __None__        Never Married __X__
                 (b) Ages _____        Married        ____
                     _____             Divorced       ____
                                            Spouse Dec'd.   ____
5.  Parents: Father- living: yes __X__  No ____
             Mother- living: Yes ____  No __X__
6.  Highest level of education __6th_____
7.  Intelligence Level: (IQ below 70) Low _____
                        (IQ 70 - 100) Medium _____
                        (IQ above 100) High _____
8.  Psychiatric evaluation performed: Yes __X__  No. ____
    Is Defendant:
    (a) Able to distinguish right from wrong? Yes __X__
                                              No  ____
    (b) Able to adhere to the right?          Yes __X__
                                              No  ____
    (c) Able to cooperate intelligently       Yes __X__
        in his own defense?                   No  ____
    (d) If examined, were character or        Yes ____
        behavior disorders found?             No  __X__
        If yes, elaborate _____
        ___See attached report from Mississippi State___
        ___Hospital_____

9.  What other pertinent psychiatric or psychological in-
    formation was revealed? _____
        ___See attached report_____
    _____
    _____

10. Brief impressions of sentencing judge as to conduct
    of Defendant at trial and sentencing: _____
             ___Normal_____
    _____
    _____

11. Brief resume of defendant's general position and repu-
    tation in the community; (social and economic back-
    ground, work record, etc.) _____
             ___Unknown_____
    _____
    _____

---

B.  Data Concerning the Trial:

1.  How did the defendant plead?  Not guilty

2.  Was the ' case tried with a jury?  Yes

3.  Brief Summary of the Evidence at Trial on Guilt:
    Necklace being worn by victim at time of death was
    given by the defendant to his girl friend, Barbara
    Jordan.  Other items removed from victim's home were
    in the possession of Barbara Jordan or found in wooded
    area beside her house which was also the defendant's
    residence.  Defendant had done yard work for victim
    on previous occasions; defendant's fingerprints found
    on items in victim's home.  Defendant admitted burglary
    but denied killing victim, said another party came
    in after he left —other party was not in area during
    commission of crime.  Sheet taken from victim's bed
    during crime was found at defendant and girl friend's
    house.

4.  Brief summary of the evidence at trial on sentenc-
    ing: (List all statutory, aggravating and mitigat-
    ing circumstances under 19 '7 Miss. Gen. Acts, Ch.
    458, Sec. (2) 5 and 6 [Amending Miss. Code Ann.
    § 97-3-21 (1972)] which appear in this case.
    State put on family members to establish victim's
    age (84), her physical condition, her poor
    eyesight, and her arthritis; also, that due to her
    arthritis she could not remove the necklace offered
    in evidence, and moved to re-introduce evidence and
    exhibits received during trial on guilt phase.

    Defendant declined to offer any evidence in
    mitigation and elected to rest with the State.

5.  List any other aggravating or mitigating circum-
    stances:  None

6.  Does the Defendant's physical or mental condition
    call for special consideration?  No

7.  Although the evidence suffices to sustain the ver-
    dict, does it foreclose all doubt about the defen-
    dant's guilt?  Yes

-2-

8. Was the jury instructed as to all aggravating and mitigating circumstances? <u>All requested and known</u> <u>by the Court</u>

9. Data concerning victim of crime: (State generally any known facts concerning the victim which may have had any influence on the verdict or sentence (e.g., relationship to defendant by kin, friendship or employment; sex and race of victim, victim's position in community, age, etc.) <u>Victim</u> <u>was elderly white woman who defendant had worked</u> <u>for on occasion, knew she was hard of hearing, and</u> <u>knew she was not capable of physically defending</u> <u>herself.  I know of no special standing victim</u> <u>had in the community which would have had any</u> <u>influence on the jury.</u>

C. Representation of Defendant:

1. Date counsel secured  <u>8-6-80</u>
2. How secured: Retained _____ Appointed  <u>X</u>
3. If appointed, why?  <u>Indigent</u>

4. Years defense counsel has practiced law  <u>25</u>
5. Nature of defense counsel's practice: Mostly civil _____ ; General _____ ; Mostly criminal <u>X</u> .
6. Did the same counsel serve throughout trial? <u>Yes</u> If not, explain in detail: _____

D. General Considerations:

1. Was race raised as an issue in the trial? <u>No</u>
2. Did racial considerations otherwise appear in the trial? <u>No</u> . If yes, explain. _____

3. Were members of defendant's race represented on the jury? <u>No - two black alternates</u>
4. Was jury instructed to exclude race as an issue? <u>Yes</u> .
5. Was there extensive publicity in the community concerning this case? <u>No</u>
6. Was the jury instructed to disregard such publicity? <u>Yes</u> .
7. Was the jury instructed to avoid any influence of passion, prejudice, or any other arbitrary factor when imposing sentence? <u>Yes</u>
8. Was there any evidence that passion, prejudice or other arbitrary factor may have influenced the jury? <u>No</u> . If so, explain: _____

9. General comments of the Trial Judge concerning the appropriateness of the sentence imposed in this case (to include sentences imposed in any similar cases the Judge may have tried): <u>This was a cold-</u> <u>blooded, senseless murder; defendant could have</u> <u>taken any items in the house without harming the</u> <u>old lady.  If she saw him though she would have</u> <u>recognized him.  I feel that the jury was entirely</u> <u>justified in fixing penalty at death.  Facts and</u> <u>physical evidence justified conviction and sentence.</u>

E.  Chronology of Case:                                        Elapsed Days

    1.  Date of Offense    August 3, 1980
    2.  Date of Arrest     August 6, 1980           _____
    3.  Date Trial Began   December 4, 1980         _____
    4.  Date Sentence Imposed December 5, 1980      _____
    5.  Date post-trial motion
        ruled on      December 5, 1980              _____
    6.  Date Trial Judge's Report
        completed   September 13, 1982              _____
   *7.  Date received by Supreme Court  _____     _____
   *8.  Date sentence review
        completed   _____     _____
   *9.  Total elapsed days  _____       _____

*To be completed by Supreme Court


This report was submitted to counsel for the State and Defen-

dant for such comment as each desired to make concerning the

factual accuracy of the report, and such comments, if any,

are attached.

                          _Harvey Buck_____
                          Circuit Court Judge
                          County of  Lowndes_____


o   o   o   o   o   o   o   o   o   o   o   o   o   o   o   o

To be completed by Supreme Court Research Assistant:

1.  List of similar cases and penalty imposed:

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

2.  Facts in record tending to show possibility of influ-
    ence of passion, prejudice or other arbitrary factors:

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

3.  Facts in record to support a finding of aggravating
    circumstances: _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

4.  Facts in record to support a finding of mitigating
    circumstances: _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

MISSISSIPPI STATE HOSPITAL



James C. Stubbs
Director

WHITFIELD, MISSISSIPPI 39193
November 4, 1980

William C. Welch M.D.
Clinical Director

Honorable Judge Harvey S. Buck
P.O. Box 835
West Point, Mississippi  39773

Re: Mack Arthur King

Dear Judge Buck:

We saw Mr. Mack Arthur King, a twenty-one year old black male, for
psychiatric evaluation to determine competency and responsibility
in connection with a charge of capitol murder.

After psychiatric interview and consideration of the history provided,
the professional staff here at the forensic unit unanimously agreed that
the patient was without psychosis, competent to stand trial and respon-
sible for his actions at the time of the alleged crime.

If we can provide further assistance or information, please contact me.

Respectfully,

Robert L. McKinley, Jr., M. D.
Staff Psychiatrist

RLM/uw

c c – Honorable John M. Montgomery, District Attorney
      Sheriff Louis W. Harper, Sr.
      Mr. T. E. Wiggins, Circuit Clerk
      Honorable Joe O. Sams, Jr., Attorney at Law

FILED

NOV 7 - 1980

J. E. Wiggins
Circuit Clerk

CIRCUIT COURT OF LOWNDES COUNTY

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI          PLAINTIFF

VERSUS                        NO. 6716

MACK ARTHER KING              DEFENDANT


Judge Harvey S. Buck – Presiding Judge
P. O. Box 1055
West Point, MS

Hon. John M. Montgomery – District Attorney
P. O. Box 891
Starkville, MS

Hon. Forrest Allgood – Asst. District Attorney
516 Military Road
Columbus, MS

Hon. Lee J. Howard – Asst. District Attorney
P. O. Box 891
Starkville, MS

Hon. Joe O. Sams, Jr. – Attorney for Defendant
P. O. Box 249
Columbus, MS

STATE OF MISSISSIPPI                      IN THE CIRCUIT COURT

LOWNDES COUNTY                            NOVEMBER TERM 1980


STATE OF MISSISSIPPI                      PLAINTIFF

VERSUS                                    6716

MACK ARTHER KING                          DEFENDANT


## I N D E X

Organization of the Court                                        1

Indictment and Return                                        2 – 3

Arraignment                                                      4

Motion for Continuance and Certificate                          5

Notice of Insanity Defense and Certificate                      6

Order of Continuance                                            7

Motion to Make Indictment More Definite and
Certain                                                         8

Motion for Mental Examination and Certificate              9 – 10

Order Overruling Motion to Make Indictment More
Certain                                                        11

Motion for Additional Counsel and Certificate                  12

Order Appointing Robert Prather, Additional Counsel            13

Order For Mental Examination                               14 – 15

Letter From Whitfield                                          16

Motion for Special Venire and Certificate                      17

Motion for Discovery and Certificate                       18 – 19

Order for Special Venire                                       20

State's Request for Discovery                                  21

Motion for Disclosure of Alibi Defense and Notice
of State's Witnesses and Certificate                       22 – 24

Court Reporter's Transcript                               25 – 359

        Court Reporter's Index                            26 – 31

        Drawing of Special Venire                         32 – 33

        Partial Voir Dire by Defense Counsel              35 – 39

        Selection of Jury                                 39 – 42

| | |
|---|---|
| Special Oath | 42 |
| Explanation of Procedure of Trial by Court | 42 – 46 |
| Rule Invoked | 47 |
| Testimony of Jane Anderson | 47 – 53 |
| State's Exhibit #1 – Evidence | 52 |
| Testimony of Mrs. Charles Hughes | 53 – 70 |
| State's Exhibit #2 – Evidence | 57 – 61 |
| State's Exhibit #3 – Evidence | 63 |
| State's Exhibit #4 – Evidence | 68 – 69 |
| Testimony of Mike Mordecai | 70 – 165 |
| State's Exhibit #5 – Identification | 79 |
| State's Exhibit #6 – Identification | 82 |
| State's Exhibit #7 – Evidence | 86 |
| State's Exhibit #8 – Evidence | 89 |
| State's Exhibit #9 – Evidence | 91 |
| State's Exhibit #10 – Evidence | 93 |
| State's Exhibit #11 – Evidence | 95 |
| State's Exhibit #12 – Evidence | 97 |
| State's Exhibit #13 – Evidence | 99 |
| State's Exhibit #14 – Evidence | 103 |
| State's Exhibit #15 – Identification | 106 |
| State's Exhibit #16 – Identification | 108 |
| State's Exhibit #17 – Identification | 111 |
| State's Exhibit #18 – Identification | 114 |
| State's Exhibit #19 – Evidence | 117 |
| State's Exhibit #20 – Identification | 122 |
| State's Exhibit #21 – Identification | 124 |
| State's Exhibit #22 – Identification | 126 |
| State's Exhibit #23 – Identification | 129 |
| State's Exhibit #24 – Identification | 131 |
| State's Exhibit #25 – Identification | 133 |
| State's Exhibit #26 – Evidence | 136 |

State's Exhibit #27 – Evidence            138

State's Exhibit #28 – Evidence            140

State's Exhibit #29 – Evidence            142

State's Exhibit #30 – Evidence            144

State's Exhibit #31 – Evidence            146

State's Exhibit #32 – Evidence            149

State's Exhibit #33 – Evidence            151

State's Exhibit #34 – Identification      154

Testimony of Ray Griner                   157 – 203

State's Exhibit #35 – Evidence            162

State's Exhibit #36 – Evidence            167 – 169

State's Exhibit #37 – Evidence            175

State's Exhibit #38 – Evidence            178 – 182

State's Exhibit #39 – Evidence            191

State's Exhibit #40 – Identification      196

State's Exhibit #41 – Identification      198

Testimony of Jesse Moore                  204 – 212

State's Exhibit #42 – Evidence            209

Testimony of Ron Smith                    212 – 226

State's Exhibit #43 – Evidence            218

State's Exhibit #44 – Evidence            222

Testimony of Joe E. Andrews, Jr.          226 – 245

State's Exhibit #45 – Evidence            232

State's Exhibit #46 – Evidence            235

State's Exhibit #47 – Evidence            238

Defendant's Exhibit #48 – Evidence        242 – 243

Testimony of Troy Patterson, Jr.          247 – 248

Testimony of Jane Anderson                249 – 257

State's Exhibit #49 – Evidence            255

Recess for Night                          258

Motion to Excuse Juror                    259

Testimony of Jimmy Covington              260 – 264

| | |
|---|---|
| Motion Taken Under Advisement | 264 – 265 |
| Testimony of Dr. Ben Martin | 265 – 276 |
| Testimony of Barbara Jordan | 277 – 301 |
| State's Exhibit #50 – Evidence | 289 |
| State's Exhibit #51 – Evidence | 290 |
| State Rests | 302 |
| Motion to Exclude Evidence and Directed Verdict | 302 |
| Ruling on Motion to Exclude Evidence and Directed Verdict | 302 |
| Defense Rest | 302 |
| Motion to Exclude Evidence and Directed Verdict | 303 |
| Ruling on Motion to Exclude Evidence and Directed Verdict | 303 |
| Motion to Voir Dire Juror, Mary C. Holley | 303 |
| Ruling on Motion to Voir Dire Juror, Mary C. Holley | 303 |
| Testimony of Mary C. Holley | 303 – 307 |
| Further Objection by Defense Attorney to Juror Returning to Jury Room | 308 |
| Ruling by Court on Motion to Discharge Juror | 309 |
| Ruling on Instructions | 309 – 320 |
| Court's Special Instructions | 321 – 323 |
| Closing Argument by Mr. Montgomery | 323 – 330 |
| Closing Argument by Mr. Sams | 331 – 335 |
| Closing Argument by Mr. Kesler | 335 – 338 |
| Closing Argument by Mr. Howard | 338 – 344 |
| Jury Verdict | 345 |
| Ruling on Instructions in Sentencing Phase | 346 – 347 |
| Testimony of Jane Anderson (Aggravation) | 348 – 349 |
| Testimony of Billy Yearout (Aggravation) | 349 – 350 |
| Testimony of Charles Hughes (Aggravation) | 350 – 351 |
| Testimony of Troy Patterson (Aggravation) | 351 – 352 |
| Testimony of Cindy Anderson (Aggravation) | 352 – 354 |

State Rests    354

Defense Rests    355

Jury Verdict on Sentencing    356 – 357

Sentencing by Court    357 – 358

Court Reporters Certificate and Cost Bill    359

Instructions by Court – Given    360

Instructions by State – Given    361 – 366

Instructions by State – Withdrawn    367 – 371

Instructions by Defendant – Given    372 – 377

Instructions by Defendant – Refused    378 – 383

Instructions by Defendant – Withdrawn    384 – 386

Jury Verdict – Guilty    387

Jury Verdict – Sentencing    388

Order of Jury Verdict and Sentencing    389 – 390

Motion for New Trial    391

Order denying Motion for New Trial    392

Motion for Time to File Special Bill of Exceptions    393

Affidavit of Poverty for Appeal    394

Clerk's Certificate of Appeal    395

Notification of Court Reporter    396

Order Allowing Time to File Special Bill of Exceptions    397

Special Bill of Exceptions and Acceptance by Trial Court    398 – 399

Clerk's Cost Bill    400

Clerk's Certificate    401

STATE OF MISSISSIPPI

COUNTY OF LOWNDES

November Term 1980

November 10, 1980

First Day of Term

BE IT REMEMBERED, that the November Term of the Circuit Court of Lowndes County, Mississippi, was begun and held on the Second Monday of November, A.D., 1980 in the City of Columbus, Mississippi, there being and then and there present:

Honorable Joe O. Sams, Sr., Judge of the Sixteenth Circuit Court Judicial District.

Honorable Harvey S. Buck, Judge of the Sixteenth Circuit Court Judicial District.

Honorable John M. Montgomery, District Attorney, in and for said Judicial District.

Honorable Lee J. Howard IV, Assistant District Attorney, in and for said Judicial District.

Honorable DeForrest Allgood, Assistant District Attorney, in and for said Judicial District.

Honorable Jeffery C. Smith, County Attorney, in and for said County and State.

Mrs. Rachel G. McGee and Mrs. Kathleen H. Burnett, Court Reporters, in and for said Judicial District.

Honorable Louis Harper, Sheriff, in and for said County and State.

Honorable T. E. Wiggins, Circuit Clerk, in and for said County and State.

And all other officers of the Court.

At said term the following pleas and proceedings were heard and had, to-wit:

INDICTMENT—MURDER

THE STATE OF MISSISSIPPI,
LOWNDES                County

CIRCUIT COURT

AUGUST                Term, A. D., 19 80    No. 6716

LOWNDES        COUNTY

THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful men and women of said County, duly elected, empanelled, sworn and charged, at the Term aforesaid of the Court aforesaid, to inquire in and for the body of the County aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: That

### MACK ARTHER KING

OR ABOUT
late of the County aforesaid, on the      3RD      day of          AUGUST          in the year of our

Lord, 19 80, did then and there wilfully, unlawfully, feloniously and of HIS

malice aforethought kill and murder a human being      LELA PATTERSON

WITHOUT AUTHORITY OF LAW AND NOT IN NECESSARY SELF-DEFENSE, WHILE HE, THE SAID MACK ARTHER KING WAS THEN AND THERE ENGAGED IN THE COMMISSION OF THE CRIME OF BURGLARY IN VIOLATION OF SECTION 97-3-19(2)(E) OF THE

MISSISSIPPI CODE OF 1972 AS AMENDED

contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

A True Bill.

_District Attorney._

_Foreman of the Grand Jury._

WITNESSES:

FILED AND CAPIAS ISSUED

**AUG 21 1980**

J. E. Wiggins

Filed_____day of_____, 19_____

Recorded_____ day of_____

_____ Clerk    By

**RECORDED**

**AUG 21 1980**

J. E. Wiggins
CIRCUIT CLERK

By_____, Clerk

_____, 19_____

_____, D. C.

2

AUG 22 1980

J.E. Wiggins
Circuit Clerk

**STATE OF MISSISSIPPI**
**COUNTY OF LOWNDES**

I have this day delivered personally to the

within named *Mack Arthur King*

a copy of the within indictment.

This the 22 day of *August*, 19 80

*Louis Harper*, Sr., Sheriff

*Jimmy Long* D. Sheriff

3

5:23

STATE OF MISSISSIPPI

VS                 NO. _6716_

_Mack Arther King_

    This day came the District Attorney, who prosecutes for
the State and the Defendant _Mack Arther King_
in his own proper person and with his Attorney, _____
_Joe Sams, Jr._ _____ present being duly arraigned
upon a Bill of Indictment on the Charge of _____
_Capital Murder_ ' and to the aforesaid
charge the defendant plead _Not Guilty_ .
    Thereupon the Defendant is ordered to the custody of
the sheriff to await his _Trial_ , and
bond is hereby set at $ _No Bond_ .
    This the _22_ day of _Aug_ A.D.,19_80_.

_Harvey Buck_
Circuit Judge

AUG 22 1980

J.E. Wiggins
Circuit Clerk

4

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

AUGUST TERM, 1980

STATE OF MISSISSIPPI          PLAINTIFF

VERSUS          NO 6716

MC ARTHUR KING          DEFENDANT

## MOTION FOR CONTINUANCE

Comes now the Defendant and moves to continue this cause for the reason that this is the return term, a serious crime is alledged to have been committed by the Defendant, an additional time is needed in which to prepare defense in this matter.

RESPECTFULLY SUBMITTED,

MC ARTHUR KING

BY:   /s/ Joe O. Sams, Jr.

Joe O. Sams, Jr.,

Attorney for Defendant

Joe O. Sams, Jr.

Attorney at Law

P. O. Box 249

Columbus, MS 39701

## CERTIFICATE

This is to certify that I have this day delivered to the Honorable John M. "Mickey" Montgomery, the District Attorney, or one of this assistants, a true and correct copy of the foregoing Motion for Continuance.

DATED this the 25th day of August, A.D., 1980.

/s/ Joe O. Sams, Jr.

Joe O. Sams, Jr.

F I L E D

Aug 25 1980

T. E. Wiggins,
Circuit Clerk

5

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

AUGUST TERM, 1980

STATE OF MISSISSIPPI            PLAINTIFF

VERSUS                       NO. 6716

MC ARTHUR KING           DEFENDANT

## NOTICE OF INSANITY DEFENSE

This is to give notice that in the captioned cause one of the defenses to be presented will be the defense of insanity at the time of the commission of the act complained of in the indictment.

RESPECTFULLY SUBMITTED,

MC ARTHUR KING

BY: /s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

Attorney for Defendant

Joe O. Sams, Jr.

Attorney at Law

P. O. Box 249

Columbus, MS    39701

## CERTIFICATE

This is to certify that I have this day delivered to the Honorable John M. "Mickey" Montgomery, the District Attorney, or one of his assistants, a true and correct copy of the foregoing Notice of Insanity Defense.

DATED this the 25th day of August, A.D., 1980.

/s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

F I L E D

Aug 25 1980

T. E. Wiggins

Circuit Clerk

6

STATE OF MISSISSIPPI

VS.                                    NO. 6716

MACK ARTHUR KING


<u>CONTINUED</u>

This cause coming on for hearing on motion by the
defendant for a continuance of said cause and for good cause
shown, the Court orders taht said motion is hereby sustained
and said cause is hereby continued for the term.

Ordered this the 25 day of August A.D., 1980.

/s/ Harvey Buck
Circuit Judge

F I L E D

AUG 25 1980

T. E. Wiggins

Circuit Clerk

7

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION 1980

STATE OF MISSISSIPPI

VERSUS                                          NO. 6716

MACK ARTHUR KING                                DEFENDANT

---

MOTION TO MAKE THE INDICTMENT MORE DEFINITE AND CERTAIN

---

The Defendant moves the Court to require the Honorable John "Mickey" Montgomery, District Attorney for the Sixteenth Judicial District, to make the indictment in the above styled and numbered cause more definite and certain, so that the Defendant may know exactly what he is charged with and would show in support thereof:

I

The language in the indictment is confusing and unclear and it is not readily apparent to the Defendant whether he is charged with murder, capital murder, or a lesser degree of homicide.

II

The indictment is unclear as to whether the state is proceeding under a felony murder rule or seperate charges of burglary and murder.

WHEREFORE PREMISES CONSIDERED, the Defendant asks that the Court direct the District Attorney to make the indictment more clear and understandable before the next regular term of Court commences.

RESPECTFULLY SUBMITTED,

/s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

Attorney for Defendant

F I L E D

SEP 17 1980

T. E. Wiggins
Circuit Clerk

8

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION, 1980

STATE OF MISSISSIPPI

VERSUS                                        NO. 6716

MACK ARTHUR KING                              DEFENDANT

MOTION FOR MENTAL EXAMINATION

Comes now the Defendant and moves the Court to author-
ize a mental examination of the Defendant to be made by the
Mississippi State Hospital at Whitfield, and in support would
show:

1. That the mentality of the Defendant is highly rele-
vant to determine of the following factual issues:

(a) Voluntariness of any statement to law enforce-
ment officers,

(b) Validity of any purported waivers of rights,

(c) Standard of conduct that would be expected of
the Defendant in certain factual situations which will be
developed during the trial.

(d) Ability of the Defendant to resist threats and
undue influences of other parties.

2. That counsel for the Defendant is of the opinion
based upon his conversations with the Defendant that his level
of intelligence is considerably below that of the average
person.

3. That as to the determination of the sentence to be
imposed if the Defendant is convicted of Capital Murder mitiga-
ting factors to be considered by the jury, as set out in Sec-
tion 99-19-101 of the Mississippi Code of 1972 as amended,
require that the Defendant have an opportunity to show his
level of intelligence. That in order for counsel to do this,
the Defendant must have an opportunity to be examined by an
expert for such a determination.

9

4.   That the Defendant is an indigent and in other cases and circumstances even remotely similar to those of this case, a non-indigent defendant would have such tests made in order to present the best defense possible.  The denial of the same opportunity for this indigent Defendant to raise these defenses properly results in a denial of due process and the equal protection of the law.

Respectfully Submitted,

Mack Arthur King

BY:  /s/ Joe O. Sams Jr.

Joe O. Sams Jr.

Attorney for Defendant

F I L E D

SEP 30 1980

T. E. Wiggins

Circuit Clerk

## CERTIFICATE OF SERVICE

I, the undersigned attorney, herby certify that I have this day placed in the United States mail, postage pre-paid, a true and correct copy of the above and foregoing Motion for Mental Examination to the Honorable John M. "Mickey" Montgomery, or one of his assistants at this usual mailing address of 203 East Main Street, Starkville, Mississippi 39759.

SO CERTIFIED this the 12th day of September, A.D., 1980.

/s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

F I L E D

SEP 30 1980

T. E. Wiggins

Circuit Clerk

10

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION 1980

STATE OF MISSISSIPPI

VERSUS                                      NO. 6716

MACK ARTHUR KING                            DEFENDANT

ORDER OVERRULING MOTION

Came on for hearing and was heard the Defendant's Motion
to Make the Indictment More Definite and Certain and the
Court being fully advised in the premises is of the opinion
that said Motion is not well taken and it is herby overruled.

SO ORDERED, this the 30 day of Sept., A.D., 1980.

/s/ Harvey Buck

Honorable Harvey S. Buck

Circuit Judge

F I L E D

SEP 30 1980

T. E. Wiggins

Circuit Clerk

23

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION, 1980

STATE OF MISSISSIPPI

VERSUS                                              NO. 6716

MACK ARTHUR KING                                    DEFENDANT

---

MOTION

Comes now, Joe O. Sams, Jr., Court appointed attorney for Defendant, and moves for additional counsel, respectfully showing that the Defendant herein is a prior felon and is now charged with capital murder.

Your movant will further show this case is extremely detailed and that extensive investigation will be necessary and additional counsel is necessary.

F I L E D                       RESPECTFULLY SUBMITTED,

OCT 6 1980                      MACK ARTHUR KING

T. E. Wiggins                   BY: /s/ Joe O. Sams Jr.

Circuit Clerk                        Joe O. Sams Jr.

C E R T I F I C A T E

This is to certify that I, the undersigned attorney, have this day deposited in the United States mail, postage prepaid, a true and correct copy of the above and foregoing Motion to the Honorable John "Mickey" Montgomery or one of his assistants at his usual mailing address of 203 East Main, Starkville, Mississippi 39759.

DATED, this the 3rd day of October, A.D., 1980.

/s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

F I L E D

OCT 6 1980

T. E. Wiggins,

Circuit Clerk

12

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                           NO. 6716

MACK ARTHUR KING

---

ORDER

---

This cause came on for hearing this day in open Court on Motion for Additional Counsel.

The Court finds said Motion well taken.

IT IS TEREFORE ORDERED that the Honorable Robert B. Prather be and he is hereby appointed as additional counsel in this cause.

SO ORDERED this 6th day of October, A.D., 1980.

/s/ Harvey Buck

Circuit Judge

F I L E D

OCT 10 1980

T. E. Wiggins

Circuit Clerk

13

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION, 1980

STATE OF MISSISSIPPI

VERSUS

MACK ARTHUR KING

NO. 6716

DEFENDANT

---

## ORDER FOR MENTAL EXAMINATION

---

Came on for hearing this day and was heard a motion
of the Defendant, Mack Arthur King, for a committment to
the Mississippi State Hospital for a mental examination,
and on proof, the Court finds as follows:

I

That the Defendant, Mack Arthur King, is charged with
a felony in Lowndes County, Mississippi, and it further
appears that the mental condition of said Defendant is in
question, and that said Motion should be granted.

II

Mack Arthur King is hereby committed to the Mississippi
State Hospital for a mental examination by any psychiatrist
at said institution to determine:

A.   The level of intelligence of the Defendant,

B.   The Defendant's ability to comprehend the gravity
of the charges against him,

C.   The Defendant's ability to help in preparation of
his defense and to understand the same,

D.   The standard of conduct that would be expected of
the Defendant in certain factual situations to be developed
during the trial,

E. The competency of the Defendant to stand trial.

III

That the Sheriff of Lowndes County, Mississippi will
transport said Defendant to the Mississippi State Hospital

**FILED**

OCT 1 0 1980

J. E. Wiggins

Circuit Clerk

/ / /

at Whitfield for mental examination at his earliest convenience, and further that the Sheriff of Lowndes County, Mississippi will keep said Defendant in his custody without bail at all times until delivery of said Defendant to the Mississippi State Hospital at Whitfield, and that the Mississippi State Hospital at Whitfield will keep said Defendant in their custody until they have completed said psychiatric examination at which time said hospital shall return custody of the Defendant to the Sheriff of Lowndes County, Mississippi, who will keep custody of the Defendant until the Court orders otherwise.

IV

That all expenses or costs in connection with this mental examination shall be paid by Lowndes County, Mississippi.

V

That the attorney for the Defendant shall prepare and promptly furnish to the authorities at said hospital, the following:

A.   A brief resume of all evidence that indicates any cause to believe the Defendant is not mentally competent.

B.   All evidence that indicates that the Defendant has a lower than average intelligence level.

C.   The names and addresses of all hospitals in which Defendant has been a patient, if available.

D.   Any available record of military service of Defendant.

VI

That the Sheriff of Lowndes County, Mississippi shall furnish the Mississippi State Hospital at Whitfield as soon as available a record of previous criminal activities on the part of the Defendant.

SO ORDERED AND ADJUDGED this the 6 day of Oct, A.D. 1980.

FILED

OCT 1 0 1980

J. E. Wiggins
Circuit Clerk

Harvey Buck
HON. HARVEY J. BUCK,
CIRCUIT JUDGE

15

MISSISSIPPI STATE HOSPITAL

WHITFIELD, MISSISSIPPI 39193

November 4, 1980

Honorable Judge Harvey S. Buck

P. O. Box 835

West Point, Mississippi  39773

Re: Mack Arthur King

Dear Judge Buck:

We saw Mr. Mack Arthur King, a twenty-one year old black male,
for psychiatric evaluation to determine competency and respon-
sibiltiy in connection with a charge of capitol murder.

After psychiatric interview and consideration of the history
provided, the professional staff here at the forensic unit
unanimously agreed that the patient was without psychosis,
competent to stand trial and responsible for his actions
at the time of the alleged crime.

If we can provide further assistance or information, please
contact me.

Respectfully,

/s/ Robert L. McKinley Jr.

Robert L. McKinley, Jr., M.D.

Staff Psychiatrist

RLM/uw

cc - Honorable John M. Montgomery, District Attorney

     Sheriff Louis W. Harper, Sr.

     Mr. T. E. Wiggins, Circuit Clerk

     Honorable Joe O. Sams, Jr. Attorney at Law

F I L E D

NOV 7 1980

T. E. Wiggins,

Circuit Clerk

16

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                    NO. 6716

MACK ARTHUR KING                          DEFENDANT

---

MOTION

---

Comes now the Defendant, by and through his Attorney, and moves that this Court empanel a Special Venire of not less than 100 jurors for the trial of this cause, respectfully showing that the Defendant is charged with the crime of Capital Murder and as such is entitled to a Special Venire by law.

Respectfully submitted,

Mack Arthur King

BY: /s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

Attorney for Defendant

Joe O. Sams, Jr.

Attorney at Law

P. O. Box 249

Columbus, MS 39701

(601) 328-6491

CERTIFICATE

This is to certify that I have this day delivered to the Honorable John M. "Mickey" Montgomery, the District Attorney, or his assistant, a true and correct copy of the foregoing Motion at his usual mailing address of 203 East Main, Starkville, Mississippi 39759.

DATED this the 10th day of November, A.D., 1980

F I L E D                          /s/ Joe O. Sams Jr.

NOV 10 1980                        Joe O. Sams, Jr.

T. E. Wiggins, Circuit Clerk

17

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS

NO. 6716

MACK ARTHUR KING

DEFENDANT

## MOTION FOR DISCOVERY

Comes now the Defendant in the above styled and numbered cause pursuant to Rule 4.06 of the Uniform Circuit Court Rules as adopted by the Mississippi Supreme Court and moves this Court to require the State to produce the following items:

(1) Names and addresses of all witnesses proposed to be offered by the prosecution in their trial.

(2) Copy of any recorded statement of the Defendant to any law enforcement officer.

(3) Require the State to allow Defense Counsel to view all physical evidence and photographs to be offered in evidence at the trial.

(4) Any report and/or statements of experts made in connection with this cause.

Defendant further requests that this Court will enter an Order requiring the State to comply with the above requested discovery and enter its Order fixing a time, date and place for compliance therewith.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully moves that this his Motion for Discovery will be received and filed and upon a hearing hereof, that the Court will allow the Discovery as heretofore requested.

F I L E D

NOV 10 1980

T. E. Wiggins

Circuit Clerk

RESPECTFULLY SUBMITTED,

/s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

*18*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have this day placed in the United States mail, postage pre-paid, a true and correct copy fo the above and foregoing Motion for Discovery to the Honorable John M. "Mickey" Montgomery, or one of his assistants at his usual mailing address of 203 East Main Street, Starkville, Mississippi 39759.

SO CERTIFIED this the 17th day of November, A.D., 1980.

/s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

F I L E D

NOV 10 1980

T. E. Wiggins

Circuit Clerk

19

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                              NO. 6716

MACK ARTHUR KING                                    DEFENDANT

---

ORDER

---

This cause came on for hearing this day on Motion for Special Venire.

It appearing that the Motion is well taken it is therefore ordered that a Special Venire consisting of not less than 75 jurors for a special venire be drawn by the Clerk of the Court in accordance with the statutes made and provided in such cases.

SO ORDERED this the 13 day of November, A.D., 1980.

/s/ Harvey Buck

Circuit Judge

F I L E D

NOV 13 1980

T. E. Wiggins

Circuit Clerk

20