IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI
NOVEMBER TERM, 1980

STATE OF MISSISSIPPI
VS.                                                                     NO. 6716
MACK ARTHER KING

INSTRUCTION S-1

THE COURT INSTRUCTS THE JURY THAT THIS PHASE OF THE TRIAL DEALS ONLY WITH THE QUESTION OF THE GUILT OR INNOCENCE OF THE DEFENDANT. IN THE EVENT THAT THE DEFENDANT IS FOUND GUILTY OF CAPITAL MURDER ANOTHER HEARING, WITH ADDITIONAL INSTRUCTIONS BY THE COURT, WILL BE HELD TO DETERMINE WHETHER YOU, THE JURY, WILL FIX THE PUNISHMENT OF THE DEFENDANT AT DEATH OR LIFE IMPRISONMENT.

FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk

FILED
NOV 26 1980
J. E. Wiggins
Clerk

361

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVMEBER TERM, 1980

STATE OF MISSISSIPPI

VS.                                                         NO. 6716

MACK ARTHER KING

INSTRUCTION S-2A

The Court instructs the Jury that Capital Murder is the killing of a human being when done with or without any design to effect death by any person engaged in the commission of the crime of burglary or in any attempt to commit a burglary. If you believe from the evidence in this case beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence that the defendant, Mack Arther King, acting alone, or in conjunction with another or others, on or about the 3rd day of August, 1980, did unlawfully, wilfully, and feloniously kill and murder Lela Patterson, a human being, with or without any design to effect death, while he, the said Mack Arther King, was then and there engaged in the commission of the crime of burglary, or in any attempt to commit a burglary, then and in that event the defendant is guilty of Capital Murder.

                                        Given

F I L E D                               /s/ HSB

DEC 5 1980                              G I V E N

T. E. Wiggins                           DEC 5 1980

Circuit Clerk                           T. E. Wiggins,
                                        Circuit Clerk

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI
NOVEMBER TERM, 1980

STATE OF MISSISSIPPI
VS.                                          NO. 6716
MACK ARTHER KING

INSTRUCTION S-3

THE COURT INSTRUCTS THE JURY THAT BURGLARY, AS MENTIONED IN THESE INSTRUCTIONS, IS THE BREAKING AND ENTERING OF THE DWELLING HOUSE OF ANOTHER AT ANY TIME WITH THE INTENT TO COMMIT A CRIME ONCE INSIDE THE SAID DWELLING.

FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk

FILED
NOV 26 1980
J. E. Wiggins
Circuit Clerk

363

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI
NOVEMBER TERM, 1980

STATE OF MISSISSIPPI
VS.                                              NO. 6716
MACK ARTHER KING

### INSTRUCTION S-4A

THE COURT INSTRUCTS THE JURY THAT IF YOU FIND THE DEFENDANT GUILTY OF CAPITAL MURDER THE FORM OF YOUR VERDICT SHOULD BE AS FOLLOWS:

"WE, THE JURY, FIND THE DEFENDANT GUILTY OF CAPITAL MURDER."

THE COURT FURTHER INSTRUCTS THE JURY THAT IF YOU FIND THE DEFENDANT NOT GUILTY OF CAPITAL MURDER THE FORM OF YOUR VERDICT SHOULD BE AS FOLLOWS:

"WE, THE JURY, FIND THE DEFENDANT NOT GUILTY OF CAPITAL MURDER."

THE COURT FURTHER INSTRUCTS THE JURY THAT SHOULD YOU FIND THE DEFENDNAT "NOT GUILTY" OF CAPITAL MURDER YOU MAY FIND THE DEFENDANT GUILTY OF THE LESSER OFFENSE OF BURGLARY OF AN INHABITED DWELLING. IN THAT EVENT THE FORM OF YOUR VERDICT SHOULD BE AS FOLLOWS:

"WE, THE JURY, FIND THE DEFENDANT GUILTY OF BURGLARY."
OF AN INHABITED DWELLING."
OR

"WE, THE JURY, FIND THE DEFENDANT NOT GUILTY OF BURGLARY."

YOU SHOULD WRITE YOUR VERDICT ON A SEPARATE SHEET OF PAPER.

FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk

364

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI
VS.                                                             NO. 6716
MACK ARTHER KING

INSTRUCTION S-5

THE COURT INSTRUCTS THE JURY THAT THIS PHASE OF THE TRIAL IS CONDUCTED FOR THE PURPOSE OF DETERMINING THE SENTENCE TO BE IMPOSED ON THE DEFENDANT, AND THE STATE OF MISSISSIPPI AND THE DEFENDANT MAY ELECT TO STAND ON THE TESTIMONY AND EVIDENCE INTRODUCED DURING THE FIRST OR GUILT PHASE OF THE TRIAL, OR THE PARTIES MAY ELECT TO INTRODUCE ADDITIONAL TESTIMONY AND EVIDENCE AS TO MATTERS THAT THE COURT DEEMS RELEVANT TO SENTENCING, INCLUDING MATTERS RELATING TO ANY OF THE AGGRAVATING OR MITIGATING CIRCUMSTANCES. IN REACHING YOUR VERDICT YOU MAY CONSIDER THE TESTIMONY AND EVIDENCE PRESENTED DURING THE FIRST PHASE OF THE TRIAL TOGETHER WITH THE TESTIMONY AND EVIDENCE, IF ANY, RELATING TO ANY OF THE AGGRAVATING OR MITIGATING CIRCUMSTANCES PRESENTED FOR YOUR CONSIDERATION DURING THE SECOND PHASE OR SENTENCING PHASE OF THE TRIAL.

GIV
FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk

FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk

365

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI
NOVEMBER TERM, 1980

STATE OF MISSISSIPPI
VS.                                                                NO. 6716
MACK ARTHER KING

INSTRUCTION S-6

THE COURT INSTRUCTS THE JURY THAT FOR THIS PHASE OF THE TRIAL YOU SHALL SELECT A FOREMAN FROM AMONG YOURSELVES. IN THE EVENT THAT YOU UNANAMOUSLY FIND THAT THE DEFENDANT SHALL SUFFER THE PENALTY OF DEATH, YOUR FOREMAN SHALL CAUSE THE VERDICT TO BE WRITTEN IN THE FORM AND MANNER AS SHOWN IN THE SENTENCING INSTRUCTIONS HEREIN, AND YOUR FOREMAN SHALL THEREAFTER AFFIX HIS OR HER SIGNATURE TO THE VERDICT.

Giv

FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk



FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk

366

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI
NOVEMBER TERM, 1980

STATE OF MISSISSIPPI
VS.                                                          NO. 6716
MACK ARTHER KING

INSTRUCTION S-2

THE COURT INSTRUCTS THE JURY THAT CAPITAL MURDER IS THE KILLING OF A HUMAN BEING WHEN DONE WITH OR WITHOUT ANY DESIGN TO EFFECT DEATH BY ANY PERSON ENGAGED IN THE COMMISSION OF THE CRIME OF BURGLARY OR IN ANY ATTEMPT TO COMMIT A BURGLARY. IF YOU BELIEVE FROM THE EVIDENCE IN THIS CASE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, MACK ARTHER KING, ACTING ALONE, OR IN CONJUCTION WITH ANOTHER OR OTHERS, ON OR ABOUT THE 3RD DAY OF AUGUST, 1980, DID UNLAWFULLY, WILFULLY, AND FELONIOUSLY KILL AND MURDER LELA PATTERSON, A HUMAN BEING, WITH OR WITHOUT ANY DESIGN TO EFFECT DEATH, WHILE HE, THE SAID MACK ARTHER KING, WAS THEN AND THERE ENGAGED IN THE COMMISSION OF THE CRIME OF BURGLARY, OR IN ANY ATTEMPT TO COMMIT A BURGLARY. THEN AND IN THAT EVENT THE DEFENDANT IS GUILTY OF CAPITAL MURDER.

*Withdrawn*

FILED
DEC 5 1980
J. E. Wiggins
Circuit Clerk

FILED
NOV 26 1980
J. E. Wiggins
Circuit Clerk

367

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI
VS.                                                           NO. 6716
MACK ARTHER KING

INSTRUCTION S-4

The Court instructs the Jury that if you find the Defendant guilty of Capital Murder the form of your verdict should be as follows:

"We, the Jury, find the Defendant guilty of Capital Murder."

The Court further instructs the Jury that if you find the Defendant not guilty of Capital Murder the form of your verdict should be as follows:

"We, the Jury, find the Defendant not guilty of Capital Murder."

You should write your verdict on a separate sheet of paper.

*Withdrawn*

FILED
DEC 5 1980
J. E. Wiggins
Circuit Clerk

FILED
NOV 26 1980
J. E. Wiggins
Circuit Clerk

368

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VS.                                                    NO. 6716

MACK ARTHER KING

INSTRUCTION S-7

You have found the Defendant guilty of the crime of Capital Murder. You must now decide whether the Defendant will be sentenced to death or to life imprisonment. In reaching your decision, you must objectively consider the detailed circumstances of the offense for which the Defendant was convicted, and the character and record of the Defendant himself.

To return the death penalty you must find that any aggravating circumstances -- those which tend to warrant the death penalty -- out weigh the mitigating circumstances -- those which tend to warrant the less severe penalty,

Consider only the following elements of aggravation in determining whether the death penalty should be imposed:

1) The Capital Murder was committed while the Defendant was engaged in the commission of the crime of burglary or in an attempt to commit a burglary.

2) The Defendant committed the Capital Murder in an especially heinous, atrocious, and cruel manner. You must unanamously find, beyond a reasonable doubt,

That one or more of the above aggravating circumstance(s) exist in this case to return the death penalty. If none of the elements are found to exist, the death penalty may not be imposed, and you shall write the following verdict on a sheet of paper:

"We, the Jury, find taht the Defendant shall be sentenced to life imprisonment."

If one or more of these elements of aggravation listed above is found to exist, then you must consider whether there are mitigating circumstances which out weigh the aggravating circumstance(s). Consider the following elements of mitigation in determining whether the death penalty should not be imposed:

    Any other matter, and any other aspect of the Defendant's character and record, and any other circumstance of the offense brought before you during the trial of this case which you, the Jury, determine to be mitigating on the behalf of the defendant.

If you find from the evidence that one or more of the preceding elements of mitigation exist, then you must consider whether it or they out weighs or overcomes the aggravating circumstance(s) you previously found, and you must return one of the following verdicts:

1)   "We, the Jury, unanimously find that the aggravating circumstance(s) of : (itemize and write out all of the aggravating circumstance(s) presented in this instruction which you unanimously agree exist in this case beyond a

> reasonable doubt).
>
> _____
>
> _____
>
> _____
>
> are sufficient to impose the death penalty and there are insufficient mitigating circumstance(s) to outweigh the aggravating circumstance(s).
>
> _____
> Foreman of the Jury"
>
> If you find that the mitigating circumstance(s) outweigh the aggravating circumstance(s) and agree to the sentence of life imprisonment, the form of your verdict should be as follows:
>
> 2) "We, the Jury, find that the Defendant should be sentenced to life imprisonment."
>
> If you find that the mitigating circumstance(s) outweigh the aggravating circumstance(s) and are unable to agree to the sentence of life imprisonment, the form of your verdict should be as follows:
>
> 3) "We, the Jury, have been unable to unanimously agree on punishment."
>
> Withdrawn
> /s/ HSB
>
> F I L E D
> DEC 5 1980
> T. E. Wiggins
> Circuit Clerk
>
> F I L E D
> DEC 5 1980
> T. E. Wiggins
> Circuit Clerk

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                                          NO. 6716

MACK ARTHUR KING                                                DEFENDANT

---

INSTRUCTION D-1

---

The Court instructs the jury that the indictment in this case is no more than a mere accusation, a charge which may be either true or false, depending upon the evidence which may be adduced to sustain or refute it; and that under no circumstances are you permitted to consider the indictment as evidence of this Defendant's guilt of the crime therein charged.





J. E. Wiggins
Circuit Clerk



FILED
DEC 5 1980

372

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                         NO. 6716

MACK ARTHUR KING                               DEFENDANT

---

INSTRUCTION D-5

---

The Court instructs the jury that the law in its justice and humanity, presumes the Defendant to be innocent of the offense charged against him, and that this presumption stands as his sufficient protector until it has been removed by evidence proving his guilt beyond every reasonable doubt; that as any member of the jury entertains a reasonable doubt as to the guilt of the Defendant, you can not convict him; for the law desires no conviction until the entire jury is convinced beyond all reasonable doubt that he is guilty; and the justice and humanity of the law prefers that, if an honest mistake is made, it be made in favor of the Defendant rather than against him.

                                        Given

                                        /s/ HSB

                                        GIVEN

                                        F I L E D

                                        DEC 5 1980

                                        T. E. Wiggins

                                        Circuit Clerk

F I L E D

DEC 4 1980

T. E. Wiggins

Circuit Clerk

State of Mississippi

Versus  NO. 6716

Mack Arthur King

### INSTRUCTION D-11 A

The Court instructs the Jury that no inference can be drawn from the failure of the Defendant to testify and it must not be considered by you in your deliberations.

DEC 5 - 1980

J.E. Wiggins
Circuit Clerk

FILED

DEC 5 1980

J.E. Wiggins
Circuit Clerk

374

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION, 1980

STATE OF MISSISSIPPI

VERSUS                                                NO. 6716

MACK ARTHUR KING                                      DEFENDANT

---

INSTRUCTION D-7

---

You have found the Defendant guilty of the crime of Capital Murder. You must now decide whether the Defendant will be sentenced to death or to life imprisonment. In reaching your decision, you must objectively consider the detailed circumstances of the offense for which the Defendant was convicted, and the character and record of the Defendant himself.

To return the death penalty you must find that any aggravating circumstances -- those which tend to warrant the death penalty -- out weigh the mitigating circumstances -- those which tend to warrant the less severe penalty.

Consider only the following elements of aggravation in determining whether the death penalty should be imposed:

1) The Capital Murder was committed while the Defendant was engaged in the commission of the crime of burglary or in an attempt to commit a burglary.

2) The Defendant committed the Capital Murder in an especially heinous, atrocious, and cruel manner.

You must unanamously find, beyond a reasonable doubt, that one or more of the above aggravating circumstance(s) exist in this case to return the death penalty. If none of the elements are found to exist, the death penalty may not be imposed, and you shall write the following verdict on a sheet of paper:

"We, the jury, find that the Defendant shall be sentenced to life imprisonment."

GIVEN
FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk



DEC 5 - 1980
J.E. Wiggins
Circuit Clerk

375

If one or more of these elements of aggravation listed above is found to exist, then you must consider whether there are mitigating circumstances which out weigh the aggravating circumstance(s). Consider the following elements of mitigation in determining whether the death penalty should not be imposed:

1) All factors and circumstances surrounding the alleged crime,

or

2) The age of the Defendant,

or

3) The background of the Defendant,

or

4) Any other facts or circumstances that you consider relative or probative or act in mitigation.

Any other matter, and any other aspect of the Defendant's character and record, and any other circumstance of the offense brought before you during the trial of this case which you, the jury, determine to be mitigating on the behalf of the Defendant.

If you find from the evidence that one or more of the preceding elements of mitigation exist, then you must consider whether it or they out weighs or overcomes the aggravating circumstance(s) you previously found, and you must return one of the following verdicts:

1) "We, the jury, unanimously find that the aggravating circumstance(s) or: (itemize and write out all of the aggravating circumstance(s) presented in this instruction which you unanimously agree exist in this case beyond a reasonable doubt).

_____

_____

_____

_____

are sufficient to impose the death penalty and there are insufficient mitigating circumstance(s) to outweigh the aggravating circumstance(s).

_____
FOREMAN OF THE JURY"

FILED Giv

DEC 5 - 1980

J.E. Wiggins
Circuit Clerk

376

DEC 5 1980

J.E. Wiggins
Circuit Clerk

If you find that mitigating circumstance(s) outweigh the aggravating circumstance(s) and agree to the sentence of life imprisonment, the form of your verdict should be as follows:

2) "We, the jury, find that the Defendant should be sentences to life imprisonment."

If you find that the mitigating circumstance(s) out-weigh the aggravating circumstance(s) and are unable to agree to the sentence of life imprisonment, the form of your verdict should be as follows:

3) "We, the jury, have been unable to unanimously agree on punishment."

FILED

DEC 5 1980

W. Wiggins
Clerk

DEC 5 - 1980

J.E. Wiggins
Circuit Clerk

377

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                                         NO. 6716

MACK ARTHUR KING                                  DEFENDANT

---

INSTRUCTION D-2

---

The Court instructs the jury that if there be any facts or circumstances in this case susceptible of two interpretations, one favorable and the other unfavorable to the accused, and when the jury has considered such facts or circumstances with all other evidence there is a reasonable doubt in favor of the accused and place upon such facts or circumstances the interpretation favorable to the accused.







378

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS  NO. 6716

MACK ARTHUR KING  DEFENDANT

---

INSTRUCTION D-3

---

The Court instructs the jury that in arriving at your verdict in this case you will not indulge in speculation, conjecture, or guess work; that you can act upon positive testimony introduced before you upon the witness stand; that where there is a controverted issue of facts, and the testimony fails to show beyond all reasonable doubt, and to the exclusion of every hypothesis consistent with innocence that the State's contention in regard to that issue of facts is true, then the presumption of law controls, and the Court says to you specifically that you must find such issue in favor of the Defendant.





REFUSED
FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk

379

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                      NO. 6716

MACK ARTHUR KING            DEFENDANT

---

INSTRUCTION D-4

---

The Court instructs the jury that the question of whether from the evidence or the lack of evidence there is a reasonable doubt as to the Defendant's guilt is a question solely for the jury to decide; and the Court further instructs you that it is the sworn duty of each and every one of you in this case to decide the issue submitted for yourself and if, after a careful consideration of all the evidence, or the want of evidence, in this case, and the instructions of the Court on the law, and free consultation with your fellow jurors, there is a single one of you who have a reasonable doubt of the Defendant's guilt, it is your duty under oath to stand by your belief, and to vote for a verdict of not guilty, and never to yield your convictions simply because every other member of the jury may disagree with you, so long as you entertain a reasonable doubt of his guilt.





REFUSED
FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk

J. E. Wiggins
Circuit Clerk

380