IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                          NO. 6716

MACK ARTHUR KING                                DEFENDANT

---

## INSTRUCTION D-8

---

The Court instructs the jury that, if they have a reasonable doubt of the guilt or innocence of the accused from all the evidence or from the want of evidence, they should acquit, and the Defendant is entitled to the verdict of twelve (12) men, each of whom, on the whole evidence, must be free from and reasonable doubt in his own mind, and he should be allowed to have his own conception of what a reasonable doubt is to him; and unless the jury believes from the evidence beyond a reasonable doubt and a moral certainty that the Defendant is guilty, they should promptly acquit.

*Refused*
*HCB*

REFUSED
FILED
DEC 5 1980
J.E. Wiggins
Circuit Clerk

DEC 5 - 1980
J.E. Wiggins
Circuit Clerk

*381*

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980.

STATE OF MISSISSIPPI

VERSUS                                              NO. 6716

MACK ARTHUR KING                                   DEFENDANT

---

INSTRUCTION D-10

---

The Court instructs the jury that the State of Mississippi must prove that the decedent met her death beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistant with innocence.

REFUSED
FILED
DEC. 5 1980
J.E. Wiggins
Circuit Clerk

DEC 5 - 1980
J.E. Wiggins
Circuit Clerk

382

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                              NO. ~~6718~~ 6716

MACK ARTHUR KING

---

INSTRUCTION D-12

---

The Court instructs the jury that, where there are two reasonable hypotheses arising out of and supported by the evidence, it is the duty of the jury to adopt the hypothesis consistent with innocence, even though the hypothesis of guilt be the more probable.

*Refused*

DEC 5 - 1980

J.E. Wiggins
Circuit Clerk

REFUSED

**FILED**

DEC 5 1980

J.E. Wiggins
Circuit Clerk

*383*

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                                    NO. 6716

MACK ARTHUR KING                                          DEFENDANT

---

### INSTRUCTION D-6

---

The Court instructs the jury that if you find the Defendant not guilty in this case, then the form of your verdict will be:

"We the jury, find the Defendant NOT GUILTY."

You will write your verdict on a separate sheet of paper.

*Withdrawn*

FILED

DEC 5 1980

*J. E. Wiggins*
Circuit Clerk

FILED

*J. E. Wiggins*
Circuit Clerk

*384*

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION, 1980

STATE OF MISSISSIPPI

VERSUS                                              NO.   6716

MACK ARTHUR KING                                    DEFENDANT

---

### INSTRUCTION D-9

---

The Court instructs the jury that the evidence in this case where circumstantial requires that the State of Mississippi prove said case beyond a reasonable doubt and to a moral certainty.

FILED

DEC 5  1980

J. E. Wiggins
Circuit Clerk

385

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                                    NO.  6716

MACK ARTHUR KING                                          DEFENDANT

---

INSTRUCTION D-11

---

The Court instructs the jury that the form of your verdict may be as follows:

> "We, the jury, find the Defendant guilty of Capital Murder."

OR

> "We, the jury find the Defendant not guilty of Capital Murder."

OR

> "We, the jury, find the Defendant guilty of Burglary."

The Court further instructs the jury that you should write you verdict on a separate sheet of paper to be supplied to you by the Clerk and that you should not write on any of the Court's instructions.

FILED

DEC 5 1980

*J. E. Wiggins*
Circuit Clerk

386

"We, the Jury, find the Defendant guilty of Capital Murder."

F I L E D

DEC 5 1980

T. E. Wiggins

Circuit Clerk

"We, the jury, unanimously find that the aggravating cir-
cumstances

    1)  The Capital Murder was commited while the Defendant
was engaged in the commission of the crime of burglary
or in an attempt to commit a burglary.

    2)  The Defendant committed the capital murder in an
especially heinous, atrocious and cruel manner.

are sufficient to impose the death penalty and there are in-
sufficient mitigating circumstances to outweigh the aggravating
circumstances.

                    /s/ Mary Elizabeth Gordon

F I L E D

DEC 5 1980

T. E. Wiggins

Circuit Clerk

25·41

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI
NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VS.                                                    NO. 6716

MACK ARTHER KING

## ORDER

THIS DAY CAME THE DEFENDANT, MACK ARTHER·KING, IN OPEN
COURT, HAVING BEEN PREVIOUSLY ARRAIGNED ON AN INDICTMENT
CHARGING HIM WITH THE CRIME OF CAPITAL MURDER, TO WHICH
HE ENTERED A PLEA OF NOT GUILTY, WHEREUPON CAME A JURY OF
GOOD AND LAWFUL PERSONS, COMPOSED OF  JAN RUSSELL MILLER
AND ELEVEN OTHERS, WHO WERE EACH ACCEPTED BY BOTH SIDES,
AND AFTER HEARING THE EVIDENCE PRO ET CON, THE ARGUMENT OF
COUNSEL AND RECEIVING THE COURT'S INSTRUCTIONS, RETIRED TO
CONSIDER THE VERDICT AND PRESENTLY RETURNED IN OPEN COURT
THE FOLLOWING VERDICT, TO-WIT:

> "WE, THE JURY, FIND THE DEFENDANT GUILTY OF CAPITAL
> MURDER."

WHEREUPON, PURSUANT TO THE CRIMINAL RULES OF THE CIRCUIT
COURTS OF THE STATE OF MISSISSIPPI, THE JURY HEARD EVIDENCE
IN AGGRAVATION BROUGHT BY THE STATE, AND EVIDENCE IN MITIGATION
BROUGHT BY THE DEFENDANT, MACK ARTHER KING, ARGUMENT OF
COUNSEL, AND AFTER RECEIVING INSTRUCTIONS OF THE COURT,
RETIRED TO CONSIDER THE SENTENCE TO BE IMPOSED ON THE
DEFENDANT, MACK ARTHER KING, AND PRESENTLY RETURNED THE
FOLLOWING VERDICT, TO-WIT:

> "WE, THE JURY, UNANIMOUSLY FIND THAT THE
> AGGRAVATING CIRCUMSTANCES
>
> 1) THE CAPITAL MURDER WAS COMMITTED WHILE

389

THE DEFENDANT WAS ENGAGED IN THE COMMISSION
OF THE CRIME OF BURGLARY OR IN AN ATTEMPT
TO COMMIT A BURGLARY.

2) THE DEFENDANT COMMITTED THE CAPITAL
MURDER IN AN ESPECIALLY HEINOUS, ATROCIOUS
AND CRUEL MANNER.

ARE SUFFICIENT TO IMPOSE THE DEATH PENALTY AND
THERE ARE INSUFFICIENT MITIGATING CIRCUMSTANCES TO OUTWEIGH
THE AGGRAVATING CIRCUMSTANCES.

S/ MARY ELIZABETH GORDON

IT IS THEREFORE ORDERED AND ADJUDGED THAT THE
DEFENDANT, MACK ARTHUR KING, BE AND HE HEREBY IS SURRENDERED
TO THE CUSTODY OF THE SHERIFF OF LOWNDES COUNTY, MISSISSIPPI,
FOR IMMEDIATE TRANSPORTATION TO THE MAXIMUM SECURITY UNIT
OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AT PARCHMAN,
MISSISSIPPI.

IT IS FURTHER ORDERED AND ADJUDGED THAT THE
DEFENDANT BE AND HE HEREBY IS SENTENCED TO DEATH BY LETHAL
GAS ON JANUARY 15, 1981.

SO ORDERED AND ADJUDGED THIS THE 5TH DAY OF
DECEMBER, A. D., 1980.

*Harvey Buck*

CIRCUIT JUDGE

J.E. W........
Circu... ..

390

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS                                             NO.  6716

MACK ARTHUR KING                                   DEFENDANT

---

MOTION FOR NEW TRIAL

---

Comes now the Defendant and moves the Court to set aside the verdict and judgment of the Court for the following reasons:

1.    The verdict is not supported by the evidence.

2.    The verdict is contrary to the overwhelming weight of the evidence.

3.    The Court erred in refusing to grant each and every Motion made by the Defendant.

4.    The Court erred in granting each and every instruction given to the State.

5.    The Court erred in refusing every instruction refused the Defendant.

6.    The Court erred in overruling each and every objection made by the Defendant.

7.    The Court erred in sustaining each and every objection made by the State.

RESPECTFULLY SUBMITTED,

JOE D. SAMS, JR.
Attorney for Defendant

DEC 5 - 1980

J.E. _____
_____

*391*

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

NOVEMBER TERM, 1980

STATE OF MISSISSIPPI

VERSUS

NO. 6716

MACK ARTHUR KING

DEFENDANT

---

.ORDER

---

This cause came on for hearing on Motion for New Trial.

The Court finds said Motion not well taken.

IT IS THEREFORE ORDERED that the Motion for New Trial

is denied.

Ordered, this the 5th day of December, 1980.

_Harvey Buck_
CIRCUIT JUDGE

DEC 5 - 1980

J. E. Wiggins
Circuit Clerk

392

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION 1980

STATE OF MISSISSIPPI

VERSUS                                          NO. 6716

MACK ARTHUR KING

---

## MOTION

---

Comes now the Defendant by and through counsel and moves the Court to allow attorneys for the Defendant a reasonable amount of time in which to file a Special Bill of Exceptions with reference of the above styled and numbered cause, the same being requested under §99-17-41 Mississippi Code Annotated 1972.

WHEREFORE, PREMISES CONSIDERED, the Defendant asks that a reasonable amount of time be allowed in which to file the said Special Bill of Exceptions.

RESPECTFULLY SUBMITTED,

Joe O Sams, Jr.,
Attorney for Defendant

Thomas L. Kesler,
Attorney for Defendant

DEC 15 1980

J.E. Wiggins
Circuit Clerk

393

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VS.                                     NO. 6716

Mack Arther King

FILED
JAN 12 1981

J.E. Wiggins
Circuit Clerk

### AFFIDAVIT

Personally appeared before me, the undersigned authority in and for the County of Lowndes, State of Mississippi, _____ Mack Arther King ____, who, having been by me duly sworn, on his oath states:

1.    That he was convicted in the Circuit Court of Lowndes County, Mississippi, at the November term, 19 80, thereof, on December 5 , 19 80 on a charge of _____ Capital Murder

2.    Affiant states that he is unable to prepay all costs in the Circuit Court and is unable to deposit a sum of money to cover costs of the Supreme Court Clerk as required by Section 25-7-3 of the Mississippi Code of 1972 as amended, due to his poverty and indigency. That he desires to prosecute an appeal to the Supreme Court of the State of Mississippi, of said conviction, and affiant prays that this affidavit be accepted in lieu of prepayment as provided for in section 99-35-105 of the Mississippi Code of 1972 as amended. Affiant states that he desires said appeal with stay of judgment.

_____          Mack arther king
WITNESS                                   DEFENDANT

Johnny R Anderson
WITNESS

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 7th day of January , A.D., 19 81 .

My commission expires:          Adon E Schuyler
                                          NOTARY PUBLIC

394                                         CC14

Circuit Clerk's Certificate of Appeal in Criminal Case.
See Sec. 99-35-121 Code 1972 as Ammended

THE STATE OF MISSISSIPPI,

VS.                                             NO.   6716

Mack Arther King                    In Circuit Court Lowndes County

 

I, T. E. Wiggins        , the Clerk of said Court, do here-
by certify that at a term of said Court, beginning on the 10th
day of November       ,1980  , and adjouring on the  6th   day
of   December    , 19 80 , the Defendant  Mack Arther King
            was  convicted of   capital murder
                        and on the  5th        day of ____
December  19 80 , was   sentenced to  death by lethal gas
on January 15, 1981

and that said defendant has executed an indigent affidavit
that he is unable to prepay the costs.
And that said Defendant has any paid as his Income of Costs

and  he     ha s    taken an appeal to the Supreme Court of
the State giving      None

                as sureties on   No        Appearance
or Bail Bond.
     Done this the  12th day of January           , 19 81 ,
as witness my hand and official seal.

                        T. E. Wiggins        Circuit Clerk

                  By  Dorothy McWilliams  Deputy Clerk.

395

JOE O. SAMS, JR.

ATTORNEY AT LAW

January

Twenty-First

1 9 8 1

Mrs. Kathleen  Burnett, Court Reporter

Rt. 7, Box 139

Columbus, MS   39701

Re:  Mack Athur King

State  Versus

Capital Murder

Dear Mrs. Burnett:

This is to give you notice to transcribe all of your notes

taken in the trial in the above cause.

An appeal has been perfected by filing a Petition to Appeal

in forma pauperis.

Very truly yours,

/s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

mbc

cc:  John M. Montgomery, District Attorney

T. E. Wiggins, Circuit Clerk

F I L E D

JAN 22 1981

T. E. Wiggins

Circuit Clerk

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION 1980

STATE OF MISSISSIPPI

VERSUS                                        NO. 6716

MACK ARTHUR KING

---

ORDER

---

      Came before the Court on motion of the Defendant in
the above styled and numbered cause a Motion for Reasonable
Time in which to prepare and file a Special Bill of Excep-
tions, and the Court being of the opinion that said Motion
is well taken, does hereby grant the Defendant 5 days from
the date of this Order to prepare and submit to the under-
signed a Special Bill of Exceptions.

      SO ORDERED AND ADJUDGED this the 30 day of January,
A.D., 1981.

                          /s/ Harvey S. Buck
                          Judge Harvey S. Buck

F I L E D

JAN 30 1981

T. E. Wiggins,

Circuit Clerk

*397*

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

IN VACATION 1980

STATE OF MISSISSIPPI

VERSUS                                        NO. 6716

MACK ARTHUR KING

---

SPECIAL BILL OF EXCEPTIONS

---

    Comes now the Defendant and excepts specially to certain rulings of the Court in the proceedings of the above styled and numbered cause, to-wit:

I

    During the course of the District Attorney's closing arguments of the adjudicatory phase, said District Attorney incorporated the so called "public policy" argument into his remarks, said remarks being objected to by the Defendant and sustained by the Trial Court, this occuring on two seperate occasions, however, the Trial Court overruled the Defendant's Motions for Mistrial made _ore tenus_ following each sustained objection and wherefore the Defendant excepts specially.

II

    During the course of the Defendant's closing argument the Defendant, Mack Arthur King, stated "I am 21 years of age. Please don't send me to the gas chamber. I admit to the burglary, but didn't do no murder...", whereupon the Trial Court sustained the objection of the State on the basis of improper argument and wherefore the Defendant excepts specially.

    WHEREFORE PREMISES CONSIDERED, the Defendant excepts specially to the above rulings of the Trial Court and urges

F I L E D

JAN 30 1981

T. E. Wiggins
Circuit Clerk

these as error.

RESPECTFULLY SUBMITTED,

/s/ Joe O. Sams Jr.

Joe O. Sams, Jr.

Attorney for Defendant


/s/ Thomas L. Kesler

Thomas L. Kesler

Attorney for Defendant


ACCEPTANCE BY THE TRIAL COURT

Reviewed and accepted as to form and accuracy of events by the undersigned this the 30 day of Jan., A.D., 1981.

/s/ Harvey S. Buck

Judge Harvey S. Buck

F I L E D

JAN 30 1981

T. E. Wiggins

ircuit Clerk

399

STATE OF MISSISSIPPI                          IN THE CIRCUIT COURT

LOWNDES COUNTY                                NOVEMBER TERM 1980


STATE OF MISSISSIPPI                          PLAINTIFF

VERSUS                                        NO. 6716

MACK ARTHER KING                              DEFENDANT


    Cost to T. E. Wiggins, Clerk of the Circuit Court of
Lowndes County, Mississippi, for making transcript in the
above styled and numbered cause.

31,600 words at 25¢ per hundred as per Title 9-13-33

Mississippi Code 1972 Annotated            $  79.00

Binding Fee          2 @ 4.00                  8.00

Postage for Transcript to Jackson, MS         15.00

Filing                                         1.00

Mrs. Kathleen Burnette Court Reporter        377.13
                                          _____

               Total         480.13

STATE OF MISSISSIPPI                    CIRCUIT COURT

COUNTY OF LOWNDES                       NOVEMBER TERM 1980

I, T. E. Wiggins, Circuit Clerk of said County and State, do hereby certify that the foregoing is a true and correct transcript of the case no. 6716 – State of Mississippi versus Mack Arther King, on file in my office.

Given under my hand and seal of office, this the _6th_ day of _April_, 1981.

_T. E. Wiggins_

T. E. Wiggins, Circuit Clerk

Lowndes County, Mississippi

By: _Dorothy M. Williams_ D.C.

STATE OF MISSISSIPPI

COUNTY OF LOWNDES

I, T. E. Wiggins, Circuit Clerk of said County and State, do hereby certify that Lowndes County has been billed for the Circuit Clerk's and Court Reporters fee in said cause and my check no. _426_ in the amount of $50.00 is hereby attached for deposit Supreme Court Clerks Cost.

Given under my hand and seal of office, this the _6th_ day of _April_, 1981.

T. E. Wiggins, Circuit Clerk

By: _Dorothy M. Williams_ D.C.

401