# United States District Court
# For the Northern District of Mississippi
# Eastern Division

MACK ARTHUR KING                                                    PETITIONER

v.                                                                                              No.1:10cv7-SA

CHRISTOPHER EPPS et al.                                      RESPONDENT

**PETITIONER'S REPLY TO RESPONDENTS' ANSWER**

_____

Petitioner files this Reply to the Answer to Petition for Writ of Habeas Corpus by a Person in State Custody (Docket Entry #39). Petitioner addresses the State's assertion of various procedural defenses, including the alleged nonexhaustion of one grounds for relief, and various matters pertaining to the State's discussion of the Antiterrorism and Effective Death Penalty Act ["AEDPA"]. Pursuant to the Court's Order of January 15, 2011(Docket Entry #3), Petitioner will file a brief addressing the merits of the petition by April 18, 2011.

      **I.**       <u>**Contrary to the State's Assertion, Ground G Was Presented to the State Supreme Court and is Thus Fully exhausted.**</u>

The State asserted that Grounds G of the habeas petition had not been exhausted in the state courts. Answer at 31-32. The State's assertion is incorrect. In Ground G, Petitioner alleged that the trial court failed to properly instruct the jury regarding statutory mitigating circumstances. The mitigating circumstance Mr. King sought to establish was that he was an "accomplice in the capital offense committed by another person and his participation was relatively minor." This is a mitigating circumstance straight from the Mississippi Statutes. It was

1

relevant and justified by the evidence since 1980. *Miss. Code Ann.* 99-19-101 (6) (d) (2005). Mr. King offered this instruction and it was refused by the trial court. (Tr. 759-61, R.E. 102-04, 187; C.P. 429.) Petitioner raised this claim on Direct Appeal. *See* Brief for Appellant Mack Arthur King at pp 76-77. The Mississippi Supreme Court addressed the claim and found that the trial court properly refused the instruction and found the issue without merit. *King v. State*, 960 So. 2413, 445-446 (Miss. 2007). Claim G was fairly presented and the state had ample ' "opportunity to "pass upon and correct" alleged violations of its prisoners' federal rights.' " *Balwin v. Reece*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364,365 (1995) (*per curiam*)).

      **II.**    **General Overview of the State's Answer Regarding Other Procedural Defenses**.

The State makes broad assertions regarding procedural default and nonretroactivity but does not discuss how these defenses apply to any of the individual grounds raised in the petition. Under Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Answer "must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." The Advisory Committee Notes on Rule 5 spell out in greater detail the function of the State's Answer: "it permits the court and the parties to uncover quickly the disputed issues; it may reveal to the petitioner's attorney grounds for release that the petitioner did not know; and it may demonstrate that the petitioners's claim is wholly without merit." Because the State has not raised these other defenses with specificity, Petitioner does not believe he has an obligation to respond to these arguments at this point.

      **III.**    **Response to the State's Discussion of AEDPA**.

The State devotes substantial portions of its Answer to matters of habeas law and procedure under the AEDPA. Portions of its discussion are not accurate, and some parts are not even relevant to Petitioner's case. In this reply, Petitioner sets forth a more accurate view of the general principles of habeas corpus law applicable to the Court's resolution of the grounds presented. In his brief addressing the substantive claims, Petitioner will discuss in greater detail whether any of the provisions of AEDPA are applicable or whether they constrain this Court from granting relief based on how those particular grounds were addressed in state court.

    A. <u>The structure and function of 28 U.S.C. § 2254(d)</u>.

Although AEDPA introduced certain limitations on a federal court's authority to grant habeas relief, the State reads its provisions as almost automatically precluding the grant of relief. However, AEDPA's limitations on the grant of relief do not invariably apply to all claims raised, nor do those provisions sweep as broadly as the State may wish. Under § 2254(d), a federal court's ability to grant habeas corpus relief is subject to the following limitations:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was not adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As the State portrays it, this Court need only ask whether, on their face, the Mississippi Supreme Court's decisions rejecting Petitioner's claims were contrary to federal law, or were somehow unreasonable, and if neither question can be readily answered in the affirmative, then

3

relief must be summarily denied. Such a superficial review would be inconsistent, however, with the plain language of the statute and inconsistent with the Supreme Court's rulings applying the statute. As discussed below, a more detailed and exacting inquiry is not only permitted by 2254(d), but is in fact essential to the proper application of that provision.

The first step to understanding the function of 2254(d) is to recognize that it is concerned with limiting a federal habeas court's authority to grant relief once a federal constitutional violation has been found to exist, not with attempting to influence the federal court's discharge of its Article III mandate to determine the existence vel non of constitutional error. *See, e.g.*, *Williams (Terry) v. Taylor*, 529 U.S. 362, 412 (2000) (2254(d) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court") (emphasis added); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) ("The requirements for habeas relief established by 28 U.S.C. § 2254(d) are thus satisfied") (emphasis added).

That 2254(d) speaks to the availability of a remedy, rather than to the existence of an error for which a remedy might be warranted, is clear for at least two reasons. First, the opening clause of the statute – "An application for a writ of habeas corpus . . . shall not be granted" (emphasis added) – is an express direction to withhold the writ unless certain conditions are met, but says nothing that purports to modify the ways in which federal courts analyze or resolve constitutional questions, which must necessarily precede any consideration of a possible remedy. Second, when Congress created the limitation on relief in § 2254(d) as part of AEDPA, it made no changes to 2254(a), which confers federal habeas jurisdiction for the purpose of determining whether a habeas petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Taken together, 2254(a) and (d), thus, form a framework in which federal

4

courts remain both authorized and obligated to determine the existence of constitutional violations in the first instance, but may no longer remedy such violations by issuing the writ of habeas corpus unless they further find one or more of the conditions enumerated in 2254(d)(1) or (2) to be satisfied. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648 n.4 (2005) (defining a "merits" decision in a habeas case as "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)"). This analysis also explains why Congress set as a condition for the application of § 2254(d) a prior state court adjudication. If the state court adjudicated the claim, a federal court should determine whether there is constitutional error and then – and only then – examine whether a petitioner can overcome the limitations on the grant of relief in § 2254(d). *See Neal v. Puckett,* 286 F.3d 230, 244 (5th Cir. 2002) (en banc) (addressing reasonableness of state court adjudication after finding a constitutional violation). If the State court did not address the merits of the claim, the limitations on relief of 2254(d)(1) and (2) are inapplicable and this Court's review is de novo. This is true if the merits were not addressed because the issue was not presented in state court but the state has waived exhaustion, *Lockhart v. Johnson*, 104 F.3d 54, 57-58 (5th Cir. 1997), the petitioner has established that exhaustion is excused under 28 U.S.C. § 2254(b), or the petitioner has overcome any procedural default by establishing cause and prejudice under *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See, e.g., Maples v. Stegall*, 340 F.3d 433, 436-37 (6th Cir. 2003) (cause and prejudice established for failure to exhaust ineffective assistance of counsel claim in state court and the federal court held that "AEDPA does not apply" and the claim had to be reviewed "de novo"). This is also true if the claim was presented to the state court, but the court failed to address the merits of the claim or any required aspect of the legal analysis. *See, e.g., Wiggins*, 539 U.S. at 534 ("[O]ur review is not circumscribed by a state court conclusion

with respect to prejudice, as neither of the state courts below reached this prong of the *Strickland [v. Washington*, 466 U.S. 668 (1984)] analysis"); *Rompilla v. Beard*, 125 S. Ct. 2456, 2467 (2005) (same).

A state court decision will be "contrary to" established Supreme Court precedent if the state court either "applies a rule that contradicts the governing law set forth" by the Supreme Court or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court] precedent." *Williams*, 529 U.S. at 405-06. A state court decision will be an "unreasonable application of" the Supreme Court's clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," *id*. at 407-08, or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," *id*. at 407. "An unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 410. Rather, a state court decision is unreasonable if the decision is "objectively unreasonable." *Id*. at 409. If a state court bases its decision on an inaccurate formulation of firmly established precedent "while ignoring the fundamental principles established by our most relevant precedents," its adjudication of a claim may result in a decision that is both 'contrary to" and ' involved an unreasonable application of, clearly established Federal law.' *Abdul-Kabir v. Quarterman*, 550 U.S. 233, 257 (2007).

A state court may unreasonably apply clearly established law if it fails to consider all record facts relevant to the federal question. *Williams,* 529 U.S. at 397-98. Likewise, a state court may unreasonably apply controlling legal principles if it assumes or insufficiently

6

examines a necessary part of the relevant standard. *See, e.g., Porter v. McCollum,* 130 S. Ct. 447, 454 (2009); *Wiggins v. Smith*, 539 U.S. at 527-28 (state court unreasonably applied *Strickland* by assuming counsel's investigation was adequate). Petitioner may also establish that he is entitled to relief if the state court failed to provide procedures adequate to the development of the merits of the federal claim in state court. *See Panetti v. Quarterman*, 127 S. Ct. 2842, 2858 (2007) ("When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied"); *Wiley v. Epps,* 625 F.3d 199, 211 (5th Cir. 2010).

The state is incorrect to suggest that "a reasonable good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal." Answer at 19 (quoting *Mata v. Johnson*, 99 F.3d 1261, 1268 (1996)). In *Williams*, the Supreme Court unambiguously held that the question of the reasonableness of a state court's adjudication was an objective, not a subjective, inquiry. *Williams*, 529 U.S. at 409-10. Thus, the relevant question is not whether the state court acted in good faith but whether its treatment of a federal constitutional claim was objectively reasonable.

In sum, in conducting the required analysis, this Court must first determine whether Petitioner has established a constitutional violation. 28 U.S.C. § 2254(a). If a constitutional violation is found, but the state court did not adjudicate the claim on the merits in state court, this Court must grant relief and issue the writ. If a constitutional violation is found and the state court did adjudicate the merits of the claim, this Court must additionally determine whether the Mississippi Supreme Court's failure to recognize and remedy those violations can be attributed to one or more analytical mistakes falling with the categories enumerated in 2254(d)(1) or (2). That federal habeas review of claims previously adjudicated on the merits in state court involves

the sort of two-tiered analysis described above–as opposed to the superficial "contrary to" or "reasonableness" review suggested by the State–is confirmed by the Supreme Court's decisions granting relief in cases governed by 2254(d). For example, in *Williams*, the Court engaged in a thorough, detailed examination of the constitutional merits of the petitioner's ineffective assistance of counsel claim, and an equally thorough examination of the ways in which the Virginia Supreme Court's adjudication of that claim was both "contrary to" federal law (by applying the wrong constitutional rule to the petitioner's claim) and "involved an unreasonable application of" federal law (by, inter alia, failing to consider all of the evidence relevant to the claim). *See Williams*, 529 U.S. at 390-98. Likewise, in both *Rompilla* and *Wiggins*, the Court undertook its own detailed review of the merits of the petitioner's contention that trial counsel were ineffective for failing to adequately investigate, *Rompilla*, 125 S. Ct. at 2463-66; *Wiggins*, 539 U.S. at 519-27, and performed a careful analysis of the ways in which the state court's decision rejecting the petitioner's claim was based on an "unreasonable determination of the facts," and involved an "unreasonable application of" federal law, *Rompilla*, 125 S. Ct. at 2467; *Wiggins*, 539 U.S. at 527-534. The Court took the same approach in *Miller-El v. Dretke*, 125 S. Ct. 2317 (2005), again conducting a painstaking evaluation of the merits of the petitioner's *Batson v. Kentucky*, 476 U.S. 79 (1986), claim before further concluding that the state court's rejection of that claim was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, such that federal habeas relief was appropriate.[1]

---

[1] There are, however, cases in which a petitioner's inability to satisfy § 2254(d) may be so obvious – either because he seeks to rely upon a rule that has not been "clear established," see *Penry v. Johnson*, 532 U.S. 782, 785 (2001), or because the relevant federal standard affords state courts such wide latitude that only an exceptionally poor decision by the state court would be sufficient to authorize the grant of relief that a reviewing federal court need not pause long over a particular claim. *See Lockyer*, 538 U.S. at 71-73.

Likewise, in *Abdul-Kabir v. Quarterman*, 550 US. 233, 257 (2007), the Supreme Court found that the Texas state courts adjudicated claims that were contrary to and involved unreasonable applications of *Penry v. Lynaugh* 492 U.S. 302 (1989). The Supreme Court carefully reviewed the reasoning of the state court and found that the Texas courts had primarily relied on another case, *Graham v. Collins*, 506 U.S. 461 (1993), "to the exclusion of our other cases in this line of jurisprudence." More specifically, the Supreme Court found that the Texas state courts ignored the relevance of certain mitigating evidence and chided the state judge for relying on an assumption "that is neither reasonable nor supported by the *Penry* opinion." *Id*. at 259; *see also Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*) (state court adjudication can survive § 2254 (d)(1) only where "neither the reasoning nor the result of the state court decision contradicts" Supreme Court precedents).

  B. <u>The evaluation of state court factual findings under AEDPA</u>.

The State incorrectly suggests that state court factual determinations are effectively beyond review by this Court. See, e.g., Answer 20 ("King cannot meet this burden to overcome the finding of fact made by the State courts by clear and convincing evidence"). As the Supreme Court demonstrated in *Wiggins*, and more recently in *Miller-El*, a faithful application of § 2254(d)(2) cannot be accomplished without looking beneath a state court's factual "findings" in order to assess the reasonableness of the conclusions reached by the state court in light of the evidence that was before that court. *Miller-El*, 125 S. Ct. at 2325; *Wiggins*, 539 U.S. at 528; *see also Guidry v. Dretke,* 397 F.3d 306, 328 (5th Cir. 2005) (granting relief in capital case where state court's decision was based on factual finding that ignored countervailing record evidence; under "§ 2254(d)(2), the district court concluded properly that the state court's adjudication of the claim was based on an unreasonable determination of the facts"); *Childress v. Johnson*, 103

9

F.3d 1221, 1226 n.7 (5th Cir. 1997) ("While the measure of deference afforded state court factual findings is substantial, we note that it is not absolute. Section 2254(d)(2) authorizes issuance of the writ if the state court decision 'was based on an unreasonable determination of the facts in light of the evidence presented'").While § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and that "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence," this presumption is likewise far from absolute. In fact, Congress clearly contemplated that habeas petitioners would challenge, and federal courts would consider, whether state court factual determinations are supported by the record when it enacted 2254(f).[2] If an examination of the sufficiency of the record evidence to support a state court's factual findings were off limits under § 2254(e)(1), it would make no sense to provide, in the very next subdivision of the same statute, a mechanism for facilitating review of precisely that question. Furthermore, the Supreme Court in its analysis in both *Wiggins* and *Miller-El* has clearly rejected any arguments that federal courts are required by § 2254(e)(1) to take state court factual determinations at face value.

At first glance, some tension does appear to exist between 2254(e)(1), under which state court factual findings are to be presumed correct, and 2254(d)(2), which can only be read as requiring federal habeas courts to look beneath a state court's factual findings to assess their reasonableness in light of the record that was before the state court. *See Rice v. Collins,* 126 S. Ct. 969, 974 (2006) (acknowledging but declining to resolve dispute over whether both § 2254(e)(1) and (d)(2) should apply to a particular state court factual determination). This tension

---

[2]Section 2254(f) addresses the requirements for providing the federal court with the state court record in situations where "the applicant challenges the sufficiency of the evidence adduced in such State court proceedings to support the State court's determination of a factual issue made therein.

largely dissolves, however, when the two provisions are viewed with a practical eye, in light of the principle that a "statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quoting *Washington Market Co. v. Hoffman*, 101 U.S. 112, 115 (1879)).

Viewed through this lens, it becomes clear that the function of 2254(e)(1), which is situated immediately preceding the provision limiting the availability of federal evidentiary hearings, see § 2254(e)(2), is to define the burden a prisoner must bear when seeking to disprove a state court's factual findings using evidence that was not before the state courts. Where, on the other hand, the evidentiary record before the federal court is the same as the record considered by the state court, § 2254(d)(2)–with its focus on the reasonableness of factual determinations "in light of the evidence presented in the state court proceeding"–provides the mechanism for dealing with a petitioner's contention that a state court's resolution of (or failure to resolve) a factual issue was materially unreasonable. *See generally Lambert v. Blackwell*, 387 F.3d 210, 235-37 (3rd Cir. 2004); *Taylor v. Maddox*, 366 F.3d 992, 999-1008 (9th Cir. 2004); *Breighner v. Chesney*, 301 F. Supp. 2d 354, 366 (M.D. Pa. 2004). "AEDPA does not require petitioner to prove that a decision is objectively unreasonable by clear and convincing evidence." *Miller-El I,* 537 U.S. at 341.

In any event, the most important point for purposes of this case is that none of the instances of the state courts misapprehending the facts relating to Petitioner's claims that were adjudicated on the merits in state court present close questions likely to give rise to difficult issues of statutory construction or application. To the contrary, as will be discussed in Petitioner's forthcoming brief, the material defects in the state court's factual determinations are obvious. And, where this Court finds the state court decision to be an unreasonable determination

11

of the facts in light of the evidence presented or the state court failed to make a relevant factual finding, this Court's ability to grant relief is not limited by § 2254(d) or § 2254(e). Likewise, because the state court did not grant an evidentiary hearing, any factual findings that it made are "unreasonable" and should not be entitled to a presumption of correctness. *See Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).

      C.      <u>The availability of a federal evidentiary hearing</u>.

In its Answer, the State purports to recite the law governing the availability of a federal evidentiary hearing, first quoting the text of 2254(e)(2), then declaring: "Thus, any factual basis of King's claims not developed in the State court proceedings do not fall into either of the exceptions noted by §2254." Answer at 26. This suggests that § 2254(e)(2) operates as a sort of "strict liability" provision that precludes federal evidentiary hearings whenever facts have gone undeveloped in state court, regardless of the reason why. The Supreme Court, however, squarely rejected precisely this reading of the statute in *(Michael) Williams v. Taylor*, 529 U.S. 420 (2000), and instead read § 2254(e)(2)'s opening clause ("If the applicant has failed to develop") to mean that a petitioner is not subject to the AEDPA's restrictions on federal evidentiary hearings at all "unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432; *see also McDonald v. Johnson*, 139 F.3d 1056, 1058-60 (5th Cir. 1998); *Fisher v. Lee*, 215 F.3d 438, 454 (4th Cir. 2000). Once a federal court determines pursuant to *Williams* and § 2254(e)(2) that the prisoner was not at fault for the lack of factual development before the state courts, it should convene an evidentiary hearing on any factual issue not adequately resolved by the state courts, so long as the petitioner has alleged facts which, if proven, would entitle him to relief. See Rule 8, Rules Governing Section 2254 Cases in the United States District Courts; *Townsend v. Sain*, 372 U.S. 293, 312 (1963); *Guidry*

*v. Dretke,* 397 F.3d 306, 323 (5th Cir. 2005); *Murphy v. Johnson*, 205 F.3d 809, 815-816 (5th Cir. 2000). Petitioner has alleged such facts in the Petition. Moreover, because the state courts denied Petitioner procedural due process and an evidentiary hearing to develop all relevant facts, there is no barrier to this Court granting a hearing. Petitioner shall file a motion directly addressing the need for an evidentiary hearing in this case.

      D.      <u>Assessing the Prejudicial Effect of a Constitutional Error</u>.

Discussing harmless error, the State broadly asserts that if the Court finds error in the case, then it "must also conduct a harmless error analysis under the dictates of *Brecht v. Abrahamson*, 507 U.S. 619 (1993)." Answer at 24. However, the *Brecht* harmless error standard is inapplicable to many of the grounds for relief raised in the petition. For instance, Petitioner has alleged that he is mentally retarded and thus ineligible for execution pursuant to *Atkins v. Virginia,* 536 U.S. 304 (2002). If Petitioner demonstrates that he is mentally retarded, no harmless error analysis is required. Likewise, issues pertaining to the State's refusal to permit Petitioner to present mitigating evidence about his lesser role in the offense or to rebut the State's evidence regarding the *Enmund* factors are not amenable to harmless error analysis. *See Lockett v. Ohio,* 438 U.S. 586 (1978); *Nelson v. Quarterman,* 472 F.3d 287 (5th Cir. 2006). Similarly, issues pertaining trial counsel's ineffectiveness, state misconduct, or prosecutorial vindictiveness do not require a federal court to apply the *Brecht* standard for assessing the prejudicial impact of constitutional error. *See, e.g, Kyles v. Whitley*, 514 U.S. 419, 436 (1995); *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (*en banc*). Petitioner will forth the specific test for assessing the prejudicial impact of each type of error in each ground for relief in his merits brief.

WHEREFORE, for the foregoing reasons, and for any additional reasons that may be set forth in Petitioner's brief on the merits, this Court should find that Ground G has, in fact, been exhausted in state court.

        Respectfully submitted,

        MACK ARTHUR KING

        By:/s/ Stacy Ferraro (MSB #100263)

Of Counsel:

Merrida Coxwell
Coxwell & Associates, PLLC
500 North State Street
Jackson, MS 39201
Phone: (601)948-1600
Fax: (601)948-7097
merridac@coxwelllaw.com

Stacy Ferraro
P.O. Box 708
Flora, MS 39071
Phone: (601) 853-8331
Fax: (601) 853-8331
stacy@watervalley.net

CERTIFICATE OF SERVICE

      I, Stacy Ferraro, do hereby certify that I have this day, March 9, 2011 caused to be delivered via the Court's Electronic Filing System a copy of the forgoing Reply on counsel for Respondents.

Marvin White
Assistant Attorney General
P. O. Box 220
Jackson, MS 39205

                                              s/Stacy Ferraro